November 29, 2021

*Via ECF Filing*
The Honorable Theodore D. Chuang
U.S. District Court for the District of Maryland

      Re:    Notice of Intent to Move to Compel Defendants to Answer Interrogatories

Dear Judge Chuang:

      Pursuant to the Court's Case Management Order (ECF 4), please allow this to serve as Plaintiff's notice of intent to move to compel Defendants[1] to answer interrogatories pursuant to Fed. R. Civ. P. 37. In September, Plaintiff served interrogatories on Defendants.[2] After granting Defendants a 24-day extension, their responses were due on October 27. No Defendant timely answered Plaintiff's interrogatories,[3] and the responses provided were severely deficient and lacked good faith.

      By letter dated November 8, (the "Deficiency Letter"), Plaintiff identified the deficiencies, demanded prompt supplementation and clarification, and requested to meet and confer. On November 10, Plaintiff requested Defendants' commitment to a response date for the Deficiency Letter. Two days later, on November 12, Defendants responded only that they were "reviewing" the Deficiency Letter, but did not commit to a response timeframe. On November 16, the parties scheduled a meet-and-confer for November 19 to discuss, *inter alia*, the Deficiency Letter. On November 18, Plaintiff again inquired about a response to the Deficiency Letter. Despite Defendants' previous assertion to the contrary, they replied that they had "not had an opportunity to review" the Deficiency Letter. Defendants have yet to respond to the Deficiency Letter or state when they will do so. Unsurprisingly, Defendants were therefore unprepared to discuss this item at the parties' November 19 meet-and-confer.[4]

## *Deficiencies in Defendants' Interrogatory Responses*[5]

      As a general matter, all Defendants made generalized, boilerplate, and unexplained relevance and proportionality objections to Plaintiff's interrogatories, in direct violation of federal

---

[1] "Defendants" refers collectively to Defendants Bruce Liller, Michelle Sawyers, Richard Roderick, Jason McMahan, M. Susan Johnson, Jordan Tichnell, J. Gary Sindy, and Thomas Sawyers.

[2] Plaintiff's interrogatories to Defendant Roderick (each a "Roderick Interrogatory") are attached as **Exhibit 1**. Roderick Interrogatory Nos. 1-3, 5-7, and 10-12 are identical to Interrogatory Nos. 1-9 to all other Defendants, respectively. Roderick Interrogatory Nos. 4, 8-9, and 13 were posed only to him. Citations to interrogatories herein use the same numbers as the Roderick Interrogatories, but include the identical interrogatories to all other Defendants.

[3] Defendants M. Sawyers, McMahan, Johnson, Tichnell, Sindy, and T. Sawyers served their interrogatory responses on October 28 (**Exs. 2**-**7**, respectively); Defendant Liller served his interrogatory responses on October 29 (**Ex. 8**); and Defendant Roderick served his interrogatory responses on November 1 (**Ex. 9**).

[4] On November 23, Plaintiff notified Defendants of their intent to file this Notice if they did not receive a written response to the Deficiency Letter by November 29 at 3:00pm. Defendants did not timely respond.

[5] This letter offers high-level examples of Defendants' deficient interrogatory answers. Plaintiff reserves all rights to argue other deficiencies and case law in support of its claims.

and local discovery rules requiring objections to "be specific, non-boilerplate, and supported by particularized facts where necessary to demonstrate the basis for the objection." *Lynn v. Monarch Recovery Mgmt., Inc.*, 285 F.R.D. 350, 356 (D. Md. 2012); *accord* Fed. R. Civ. P. 33(b)(4); L.R. 104.6. Defendants' nonspecific objections are especially egregious since they asked for and received 24 additional days to answer.

Further, Defendants have refused to provide information that is squarely within the broad scope of permitted discovery,[6] including:

- **Persons with knowledge or information (Interrog. No. 1).** Defendants objected, without explanation, on relevance and proportionality grounds to providing this basic information. *See* Fed. R. Civ. P. 26(a)(1)(A)(i); L.R. App'x D at 134. Defendants failed to provide even a single name, including any co-Defendant. And Defendants' general "refer[ral] to the documentation produced in this case," without identifying which of the thousands of pages of documents produced may contain the name(s) of people with knowledge, is not a sufficient response to the interrogatory. *See Surrett v. Consol. Metco, Inc.*, No. 1:11cv106, 2012 WL 88837, at *1 (W.D.N.C. Jan. 11, 2012).

- **Defendants' affirmative defenses and factual bases (Interrog. No. 2).** Defendants referred Plaintiff to their Answer at ECF 130 for a list of their affirmative defenses. Defendants' Answer, however, does not contain factual allegations explaining the bases for those affirmative defenses.[7] In short, neither Defendants' Answer at ECF 130 nor their answers to Interrogatory No. 2 provide facts that support these defenses. Accordingly, Defendants have not fulfilled their obligation to fully answer this interrogatory.

- **Defendants' employment histories (Interrog. No. 5).** Defendants object that this interrogatory is not relevant and disproportionately seeks information "far broader than the dates relevant to the law suit." This information is relevant for many reasons, including each Defendants' experience with individuals with disabilities such that they could recognize Plaintiff's serious medical needs. *See Oppenheimer Funds*, 437 U.S. at 351. Further, "[m]erely stating that an interrogatory is overbroad does not suffice to state a proper objection." *Lynn*, 285 F.R.D. at 360. Also, it is not onerous to briefly discuss one's employment history.

- **Alternative assignments for Plaintiff or Tyrese Keene-Taylor (Interrog. Nos. 6-7).** Plaintiff served more than three years of his sentence in segregated confinement. Yet, no Defendant sufficiently addressed Plaintiff's inquiry about alternative facilities or housing assignments considered for him or his alleged enemy, Mr. Keene-Taylor. Some Defendants partially answered the interrogatory by generally referring to documents that "speak for themselves." *Cf. Surrett*, 2012 WL 88837, at *1; (Interrog. Instr. No. 6.) Other Defendants responded that they have no personal knowledge of this information, but all held roles in which they witnessed conversations and

---

[6] Plaintiff is entitled to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). "Relevance" is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Funds, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

[7] After a protracted meet-and-confer process over Defendants' deficient Answer, Defendants have committed to amending their Answer by December 7.

reviewed documents related to this topic. It is readily apparent that Defendants failed to investigate these interrogatories in good faith.

- **NBCI inmates segregated due to a documented enemy or beyond 12 months** (Interrog. Nos. 8-9). Defendant Roderick objected based on relevance and disproportionality because "there is no collection of this information and no reports available through computer access." This information is undoubtedly relevant because it illuminates, *inter alia*, whether keeping Plaintiff in administrative segregation for 29 months adhered to NBCI policies and practices. Further, "[r]equiring a responding party to perform extensive research or to compile substantial amounts of data and information does not automatically constitute an undue burden." *Capacchino v. Carlotte-Mecklenburg Schs.*, 182 F.R.D 486, 491 (W.D.N.C. 1998). Where, as here, the information Plaintiff seeks is contained in Defendants' files, "Plaintiff[] should not suffer if the information is not easily accessible because [D]efendants have an inefficient filing system." *Fagan v. District of Columbia*, 136 F.R.D. 5, 7 (D.D.C. 1991). Also, it is hardly believable that NBCI's system for keeping inmates apart requires staff to comb through all inmates' files every day. Defendant Roderick must provide the requested information.

- **Instances of Plaintiff's self-harm** (Interrog. No. 11). All Defendants responded that they lack personal knowledge about Plaintiff engaging in self-harm or similar behavior. But they all held roles in which they would have seen in Plaintiff's records that he exhibited such conduct. Defendants failed to reasonably investigate this interrogatory in good faith.

- **Formal complaints about Defendants' conduct as corrections employees** (Interrog. No. 12). Defendants again asserted generalized, boilerplate objections of irrelevance and disproportionality. This inquiry is clearly relevant for numerous reasons, including the extent to which each Defendant has previously been accused and/or disciplined for conduct similar to that alleged in this case, thus establishing their knowledge of the propriety of such conduct. Defendants' nonspecific objection that this inquiry is "not proportional" and is "overbroad" also "does not suffice to state a proper objection." *Lynn*, 285 F.R.D. at 360. Further, asking one to list and briefly discuss their disciplinary incidents from a discrete set of jobs is neither burdensome nor overbroad.

- **Persons involved in documenting Plaintiff and Tyrese Keene-Taylor as enemies** (Interrog. No. 13). Defendant Roderick responded only by "refer[ring] Plaintiff to the documents previously produced." This general referral without specificity to thousands of pages of document containing multitudes of names is insufficient. *See Surrett*, 20212 WL 88837, at *1.

## *Conclusion*

For the foregoing reasons, Plaintiff respectfully requests that the Court schedule a pre-motion conference and permit the parties to brief Plaintiff's motion to compel.

Respectfully submitted,

*/s/ Robert G. Ames*
Robert G. Ames

cc:   All counsel of record (via CM/ECF filing)