

600 MASSACHUSETTS AVE., NW    WASHINGTON, DC 20001
**T** 202.344.4000  **F** 202.344.8300   www.Venable.com

December 2, 2021

Robert G. Ames

**T 202.344.4840**
**F 202.344.8300**
RGAmes@Venable.com

<u>*Via ECF Filing*</u>
The Honorable Gina L. Simms
Magistrate Judge
U.S. District Court for the District of Maryland
Greenbelt Division
6500 Cherrywood Lane
Greenbelt, Maryland 20770

> **Re:**    *Tracy L. Skinner v. Bruce Liller, et al.*, **Case No. 8:17-cv-03262-TDC**

Dear Judge Simms:

Pursuant to the Court's Case Management Order (ECF 4), Plaintiff Tracy L. Skinner, by and through his court-appointed *pro bono* counsel, files this notice of intent to move to compel Corizon Health, Inc. ("Corizon")[1] to produce electronically stored information ("ESI") responsive to Plaintiff's third-party subpoena *duces tecum*[2] seeking documents, including communications, in Corizon's possession about Plaintiff. (Subpoena Request No. 1. (**Exs. 1**-**2**).) After extensive negotiations to tailor search terms in order to obtain a manageable number of documents (1,023) to review and produce, Corizon refuses to do so unless the prisoner Plaintiff or his *pro bono* counsel pays for reviewing and redacting the documents, which Corizon estimates could cost up to $8,500.[3] Notwithstanding the fact that there is a Protective Order in place in this case, Corizon incorrectly asserts that these documents must still be reviewed and redacted for other individuals' protected health information ("PHI"). Corizon, however, waived its ability to shift its production costs to Plaintiff. Moreover, no federal or state law requires Corizon to redact others' PHI from the responsive ESI. Rather, Corizon is unilaterally and unnecessarily taking on this cost, and unjustifiably expects Plaintiff to bear the burden of this activity that is an everyday operating cost for Corizon.

Absent a showing of significant expense, the target of a subpoena is generally expected to bear the costs of compliance. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358 (1978). And neither of Fed. R. Civ. Pro. 45(d)'s "two related avenues by which a person subject to a subpoena may be protected from the costs of compliance" are available to Corizon here. *In re Am. Kidney Fund, Inc.*, Civil Action No. TDC-17-1787, 2019 WL 1894248, at *4 (D. Md. Apr. 29,

---

[1]    Pursuant to a five-year, $680 million contract with the Maryland Department of Public Safety and Correctional Services ("DPSCS"), Corizon provides health care services to inmates in DPSCS facilities.

[2]    Plaintiff initially served his subpoena on Corizon on August 3, 2021. Pursuant to negotiations between Plaintiff and Corizon, Plaintiff served a revised, narrower subpoena on Corizon on September 1, 2021. The August 3 and September 1 versions of Plaintiff's subpoena are attached to this Notice as **Exhibits 1** and **2**, respectively.

[3]    By e-mail dated November 2, 2021 (**Ex. 3**), Corizon estimated that attorney review time was expected to cost $3,000 to $5,000, and redaction time was expected to cost $2,000 to $3,500.

2019). Under the first avenue, Rule 45(d)(2)(B), Corizon may be protected from "significant expense resulting from compliance" only where it "*timely* enters objections to the subpoena and a court subsequently issues an order compelling a response to the requests." *Am. Kidney Fund*, 2019 WL 1894248, at *4 (emphasis added). Under the second, Rule 45(d)(1), Corizon may recover compliance costs only where Plaintiff failed to "take reasonable steps to avoid imposing undue burden or expense" to comply with his subpoena. Plaintiff cannot be required to pay Corizon's production costs under either of Rule 45(d)'s "two related avenues."

### *Summary: Corizon Waived Its Ability to Shift Costs*

First, Corizon has not served any objections to Plaintiff's subpoena, and it is too late to do so now. *See* Fed. R. Civ. P. 45(d)(2)(B) ("The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served."). As a result, Corizon has waived its ability to shift any production costs onto Plaintiff under Rule 45(d)(2)(B). *See Am. Kidney Fund*, 2019 WL 1894248, at *4.

Second, Rule 45(d)(1) permits a court to sanction a party who issues a subpoena but does not "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." But since serving this subpoena on Corizon nearly four months ago, Plaintiff has consistently worked to minimize Corizon's compliance burdens and expenses by revising the subpoena to eliminate requests, providing a list of custodians, narrowing the applicable timeframe, and collaboratively revising search terms to reduce the number of responsive documents.

Moreover, Corizon has not even attempted to explain to Plaintiff (and it is difficult to imagine) how bearing a potentially maximum cost of $8,500 would be unduly burdensome to it. As a large government contractor that won a $680 million, five-year contract to provide inmate health care in Maryland,[4] subpoena compliance is no doubt part of Corizon's budget and considered a normal operating cost.

Accordingly, Corizon has waived its ability to shift production costs to Plaintiff under either Rule 45(d)(1) or Rule 45(d)(2)(B).

### *Summary: Corizon Is Not Obligated to Redact PHI from the Responsive ESI*

Any costs associated with redacting the responsive ESI are unnecessary and therefore should not be borne by Plaintiff. Indeed, no federal or state law requires Corizon to redact PHI from the responsive ESI in order to comply with Plaintiff's subpoena.

The HIPAA Privacy Rule explicitly permits a covered entity to disclose *any* individual's PHI—not just that of a party to litigation or of a consenting individual—pursuant to a subpoena where the court has entered a qualified protective order. 45 C.F.R. § 164.512(e)(1)(ii)(B), (iv)(A). A qualified protective order is one that (1) prohibits the parties from using or disclosing the PHI outside the instant litigation, and (2) requires the parties to return or destroy the PHI at the close of the litigation. *Id.* § 164.512(e)(1)(v). The Stipulated Protective Order entered by the Court on

---

[4]      *Maryland Corrections Awards $680 Million, Five-Year Prison Medical Contract to Corizon Health*, Open Minds (Jan. 13, 2019), https://openminds.com/market-intelligence/news/maryland-corrections-awards-680-million-five-year-prison-medical-contract-to-corizon-health.

September 10, 2021 [ECF 124], is such a qualified protective order.[5] Under the Order, Corizon may designate discovery material it produces as "Confidential" where it contains "personally sensitive" information. (ECF 124, Stip. Prot. Order ¶ 1.) And once so designated, the parties may not use that material outside of this case, and must return or destroy it within 90 days of this case's conclusion. (*Id.* ¶¶ 2, 17.) Accordingly, HIPAA does not require Corizon to redact responsive ESI.

Nor does the Maryland Confidentially of Medical Records Act ("MCMRA") prohibit such disclosure. The MCMRA prohibits Corizon from disclosing another individual's "medical record," not any and all PHI.[6] *See* Md. Code Ann. Health Gen. § 4-302(a). A document is not part of a "medical record" for MCMRA purposes unless, *inter alia*, it is "entered in the record of a patient or recipient." *Id.* § 4-301(j)(1)(i). Plaintiff's patient record, which Corizon has already produced, did not include any e-mails or other similar communications. Since there clearly exists responsive ESI that was not included in the production of Plaintiffs patient record, such material is not contained in a "medical record." Accordingly, the MCMRA does not cover the responsive ESI at issue, and thus does not require Corizon to redact responsive ESI.

Since neither HIPAA nor the MCMRA require Corizon to redact responsive ESI, Corizon's burden, by its own estimates, would be a mere $5,000 at most. The costs of opposing Plaintiff's intended Motion and moving for a protective order are likely to exceed this cost. When viewed in light of Corizon's close relationship with Defendants, Corizon's conduct raises concerns that it is simply trying to delay discovery in Plaintiff's case.

*    *    *

Plaintiff respectfully requests leave to file a motion to compel Corizon to promptly produce all non-privileged ESI responsive to Subpoena Request No. 1 at its own expense. Counsel for Plaintiff and Corizon have attempted, to no avail, to informally resolve this dispute without the Court's involvement.[7]

Respectfully submitted,

*/s/ Robert G. Ames*
Robert G. Ames, Esq.

Encls.

Cc:    Megan Mantzavinos, Esq.
       All counsel of record (via CM/ECF filing)

---

[5]    Plaintiff e-mailed a copy of the Stipulated Protective Order to Christopher Van Gelder, Corizon's eDiscovery Manager, on September 14, 2021, and directly to Corizon's counsel on September 21, 2021.

[6]    The MCMRA separately defines "medical record" and "protected health information." Md. Code Ann. Health Gen. § 4-301(j), (o).

[7]    By letter to Corizon's counsel dated November 15, 2021 (**Ex. 4**), Plaintiff's counsel outlined the arguments contained in this Notice and requested to again meet and confer. Corizon's counsel did not respond until two weeks later (November 29), and at that time requested to meet and confer on December 2. Less than one hour before the December 2 meeting, Corizon's counsel e-mailed Plaintiff's counsel to cancel the meeting because "Corizon's position regarding redaction and responsibility for the expense associated with complying with Plaintiff's subpoena ha[d] not changed."