

600 MASSACHUSETTS AVE., NW    WASHINGTON, DC 20001
**T** 202.344.4000  **F** 202.344.8300  www.Venable.com

November 15, 2021

Robert G. Ames

**T 202.344.4840**
**F 202.344.8300**
RGAmes@Venable.com

*VIA ELECTRONIC MAIL*
Megan T. Mantzavinos, Esquire
Marks, O'Neill, O'Brien, Doherty & Kelly, P.C.
600 Baltimore Avenue
Suite 305
Towson, Maryland 21204
mmantzavinos@moodklaw.com

Re:    *Tracy L. Skinner v. Bruce Liller, et al.*, Case No. 8:17-cv-03262-TD (D. Md.)

Dear Counsel:

I am writing to address Corizon Health, Inc.'s ("Corizon") obligation to produce electronically stored information ("ESI") relating to or referencing Plaintiff Tracy L. Skinner ("Plaintiff") pursuant to the subpoena *duces tecum* served on Corizon (the "Subpoena') in the above-referenced lawsuit.[1]

Corizon must produce the responsive ESI at its own expense. Absent a showing of significant expense, the target of a subpoena is generally expected to bear the costs of compliance. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358 (1978); *see also* Fed. R. Civ. P. 45(d)(2)(B)(ii) (requiring a court, upon the subpoena target's timely objection and the discovering party's motion to compel, to "protect a person who is neither a party nor a party's officer from *significant* expense resulting from compliance" (emphasis added)). Corizon has not shown (and it is difficult to imagine) how bearing a potentially maximum cost of $8,500 would be unduly burdensome.[2] As a large government contractor that won a $680 million, five-year contract to provide inmate health care in Maryland, subpoena compliance is no doubt part of Corizon's budget and considered a normal operating cost. Indeed, more than three months after initially receiving the Subpoena, Corizon still has not objected to the Subpoena, nor has it even attempted to quash or modify the Subpoena or to obtain a protective order. *See* Fed. R. Civ. P. 45(d)(3)(A)(iv) ("On timely motion, the court for the district where compliance is required must quash or modify a subpoena that[] . . . subjects a person to undue burden."); *Oppenheimer Fund*, 437 U.S. at 358. And where, as here,

---

[1] Plaintiff initially served a subpoena on Corizon on August 3, 2021, via e-mail to Leslie Walker, Corizon's Statewide Director for Medical Records for Maryland. Pursuant to negotiations between Plaintiff and Corizon, Plaintiff served a revised subpoena on Corizon on September 1, 2021, via e-mail to Mr. Walker.

[2] Per your email on November 2, 2021, attorney review time is expected to cost $3,000 to $5,000, and redaction time is expected to cost $2,000 to $3,500. It is unclear whether this estimate is based on paralegal review time, as would be appropriate in this situation.



November 15, 2021
Page 2

the discovering party is incarcerated, indigent, and represented by court-appointed *pro bono* counsel, Corizon's withholding documents over such relatively minimal costs is particularly egregious.

Moreover, the estimated cost (i.e., the alleged burden) considered by the Court in analyzing any cost-sharing argument would include only the estimated $3,000 to $5,000 for attorney review time. The Court will not consider the $2,000 to $3,500 estimated cost for redaction time in any burden analysis when Corizon is unilaterally and unnecessarily imposing this cost on itself. Neither federal nor state law requires Corizon to redact protected health information ("PHI") in order to comply with the Subpoena. Under the Health Insurance Portability and Accountability Act ("HIPAA") Privacy Rule, 45 C.F.R. § 164.512, Corizon is explicitly permitted to disclose *any* individual's PHI—not just that of a party or consenting individual—pursuant to a subpoena where the court has entered a "qualified protective order." *Id.* § 164.512(e)(1)(ii)(B); *cf. id.* § 164.512(e)(1)(v) (defining "qualified protective order"). The Court entered such a qualified protective order on September 10, 2021 (the "Protective Order") (ECF 124).[3] To date, Corizon has not taken the position that the Protective Order does not satisfy the HIPAA Privacy Rule's requirements.

Further, the Maryland Confidentiality of Medical Records Act ("MCMRA") only limits Corizon's ability to produce "medical records," not all PHI. Md. Code Ann. Health Gen. § 4-306(b); *cf. id.* § 4-301(j), (o) (separately defining "medical record" and "protected health information," respectively). Under the MCMRA, a document is "medical record" only if, *inter alia*, it is "entered in the record of a patient." *Id.* § 4-301(j)(1)(i). Since Corizon's production of Plaintiff's patient record did not include any emails or other communications, we presume—and Corizon has yet to demonstrate otherwise—that such documents are not entered into patients' records. Accordingly, the MCMRA also does not preclude Corizon from producing the responsive communications in unredacted form.

We demand that Corizon produce the unredacted responsive ESI. Should Corizon fail to do so, we will be forced to move to enforce the Subpoena. Certainly, the court will not look kindly on Corizon's attempts to thwart a federal subpoena and unreasonably shift its marginal financial burden to Plaintiff, especially where the costs of opposing such a motion would likely exceed the redaction costs.

Sincerely,

*/s/Robert G. Ames*
Robert G. Ames

---

[3] Plaintiff's counsel emailed you a copy of the Protective Order on September 21, 2021.