## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **Tracy L. Skinner,** *Plaintiff* **v.** **Bruce Liller , *et al*.,** *Defendants* | **Case No. 8:17-cv-03262-TDC** |
| **Tracy L. Skinner,** *Plaintiff* **v.** **Lori Mannino, *et al*.,** *Defendants* | **Case No. 8:20-cv-01996-TDC** |
| **Tracy L. Skinner,** *Plaintiff* **v.** **Maryland Department of Public Safety and Correctional Services, *et al*.,** *Defendants* | **Case No. 1:22-cv-0293-TDC** |

### AMENDED STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DISCOVERY MATERIAL

The parties to the above-captioned actions (collectively, this "Litigation"), by and through their respective counsel, hereby enter the following amended stipulation for a protective order governing the designation and handling of confidential material (the "Protective Order" or "Order"). This Protective Order is intended to nullify and supersede any prior stipulations and protective orders relating to confidential materials in this Litigation.

1.      This Protective Order does not apply to information that is public, or that after disclosure becomes public other than by an act or omission of the receiving party.

2.      Any party, third party, or non-party who produces or discloses any document, thing, or information in any form (which shall be referred to singularly or collectively as "Discovery Materials") to any party in connection with this Litigation (a "Producing Party") may designate such Discovery Materials as "CONFIDENTIAL: Subject to Protective Court Order" under the terms of this Order and Fed. R. Civ. P. 26(c). Such a designation is permitted under the terms of this Order only if such Producing Party in good faith reasonably believes that such Discovery Materials contain information comprising, generated from, or referencing: confidential, proprietary, commercially or personally sensitive information regarding a Defendant or its employees, customers, or vendors; non-public prison policies or procedures or security-related information; or any information about Plaintiff that is protected from disclosure by the Health Insurance Portability and Accountability Act Privacy Rule, 45 C.F.R. Part 164, Subpart E (the "HIPAA Privacy Rule"), or the Maryland Confidentiality of Medical Records Act, Md. Code Ann., Health Gen. Title 4, Subtitle 3 (the "MCMRA"). "Discovery Materials" includes the information both as originally produced and in any other form, including copies, notes, and summaries of such information.

3.      No Discovery Materials marked or designated as "CONFIDENTIAL: Subject to Protective Court Order" may be used by any recipient of such information or disclosed to anyone for any purpose other than in connection with this Litigation. No Discovery Materials that have been designated as "CONFIDENTIAL: Subject to Protective Court Order" may be disclosed by the recipient of such information to anyone other than those persons designated below in Paragraph 4, unless and until the restrictions in this Protective Order are removed either by agreement of the

parties or by order of the Court; provided, however, that nothing in this Protective Order prohibits a receiving party from requesting in good faith that the Producing Party waive the designation so that a filing need not be made under seal, to which such Producing Party may in its discretion agree.

      4.    Discovery Materials designated as "CONFIDENTIAL: Subject to Protective Court Order" may be disclosed, revealed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, to only the following persons:

      (a) Counsel who have appeared of record for any party in this case and have signed this Protective Order, and partners, shareholders, associates, paralegal assistants, clerical staff, secretaries, and other employees who are regularly employed by such counsel and who are engaged in assisting such counsel in connection with this Litigation, along with any party's in-house counsel;

      (b) Each individual party to this Litigation and the employees of the corporate or governmental agency parties who have direct responsibility for monitoring or supervising the parties' involvement in this Litigation;

      (c) Any certified shorthand or court reporters retained to report a deponent's testimony taken in this Litigation;

      (d) Subject to Paragraph 10 of this Order, experts, consultants, or any other person retained or used by counsel for any party to assist counsel in connection with this Litigation, who are not regular employees of such counsel, along with each such person's employees and clerical assistants who are engaged in assisting such person in connection with this Litigation;

      (e) Subject to Paragraph 10 of this Order, any witness or deponent and their counsel, although only to the extent relevant to such witness's or deponent's potential testimony in this Litigation;

      (f) Subject to Paragraph 10 of this Order, any persons indicated on the face of the document to have authored, modified, sent, or received such document, or to be the subject of such document;

      (g) Subject to Paragraph 10 of this Order, any other persons upon order of the Court or whom the parties agree, in advance and in writing, may receive such Discovery Materials;

(h) The Court, its officers, and its employees or personnel, including, without limitation, court reporters, clerks, stenographic reporters, and videographers; and

(i) Litigation support personnel, including, but not limited to, technology consultants or copying services, retained or used by counsel for any party to assist counsel in connection with this Litigation, who are not regular employees of such counsel.

This Protective Order does not prohibit a party from disclosing its own Discovery Materials which have been designated "CONFIDENTIAL: Subject to Protective Court Order." Nor does this Protective Order prohibit a person from disclosing Discovery Materials independently obtained from non-confidential sources or sources who do not designate the information as "CONFIDENTIAL: Subject to Protective Court Order."

5.      Any Producing Party may designate as "ATTORNEY'S EYES ONLY" Discovery Materials under the terms of this Order and Fed. R. Civ. P. 26(c). Such a designation is permitted under the terms of this Order only if such Producing Party in good faith reasonably believes that such Discovery Materials (a) meet the standards set forth in Paragraph 6 of this Protective Order; and (b) if disclosed, would pose a significant risk of harm to the safety and security of prison personnel, incarcerated inmates, or the public. No Discovery Materials that have been designated as "ATTORNEY'S EYES ONLY" may be disclosed by the recipient of such information to anyone other than those persons designated below in Paragraph 6, unless and until the restrictions in this Protective Order are removed either by agreement of the parties or by order of the Court; provided, however, that nothing in this Protective Order prohibits a receiving party from requesting in good faith that the Producing Party waive the designation so that a filing need not be made under seal, to which such Producing Party may in its discretion agree.

6.      Except as otherwise provided in this Protective Order, a Producing Party may designate as "ATTORNEY'S EYES ONLY" the following:

(a) Personnel materials (e.g., materials contained in the personnel files of corrections officers) and personally identifiable information of current or former employees of the corporate or governmental agency parties, or inmates other than Plaintiff, including, but not limited to, home address, dates of birth, Social Security numbers, bank routing and account numbers, and financial beneficiary information; and

(b) Policies, directives, procedures, or visual displays or records of a correctional facility or institution, the disclosure of which would result in an identifiable and significant safety and security risk to prison personnel, incarcerated inmates, or the public.

7.      Discovery Materials designated "ATTORNEY'S EYES ONLY" may be disclosed, revealed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, to only the following persons:

(a) Counsel who have appeared of record for any party in this case and have signed this Protective Order, and partners, shareholders, associates, paralegal assistants, clerical staff, secretaries, and other employees who are regularly employed by such counsel and who are engaged in assisting such counsel in connection with this Litigation, along with any party's in-house counsel;

(b) Any certified shorthand or court reporters retained to report a deponent's testimony taken in this Litigation;

(c) Subject to Paragraph 10 of this Order, experts, consultants, or any other person retained or used by counsel for any party to assist counsel in connection with this Litigation, who are not regular employees of such counsel, along with each such person's employees clerical assistants who are engaged in assisting such person in connection with this Litigation;

(d) Subject to Paragraph 10 of this Order, any witness or deponent and their counsel, if such witness or deponent authored, modified, sent, received, or is the subject of such Discovery Materials;

(e) Subject to Paragraph 10 of this Order, any persons indicated on the face of the document to have authored, modified, sent, or received  such document, or be the subject of such document;

(f)  Subject to Paragraph 10 of this Order, any other persons upon order of the Court or whom the parties agree, in advance and in writing, may receive such Discovery Materials;

(g) The Court, its officers, and its employees or personnel, including, without limitation, court reporters, clerks, stenographic reporters, and videographers; and

(h) Litigation support personnel, including, but not limited to, technology consultants or copying services, retained or used by counsel for any party to assist counsel in connection with this Litigation, who are not regular employees of such counsel.

Discovery Materials designated as "ATTORNEY'S EYES ONLY" shall not be disclosed to any party or its agents, other than persons described in Paragraphs 7(a)-(h). Notwithstanding any of the foregoing, Discovery Materials designated as "ATTORNEY'S EYES ONLY" or information contained therein may be disclosed to a party who is a witness or a deponent. All other terms of this Protective Order apply equally to information designated as "CONFIDENTIAL: Subject to Protective Court Order" and information designated as "ATTORNEY'S EYES ONLY."

8.    Any Producing Party may designate as "CONFIDENTAL HEALTH INFORMATION" Discovery Materials under the terms of this Order and Fed. R. Civ. P. 26(c). Such a designation is permitted under the terms of this Order only if such Producing Party in good faith reasonably believes that such Discovery Materials contain information about any person, other than Plaintiff, that is protected from disclosure under the HIPAA Privacy Rule or the MCMRA. No Discovery Materials that have been designated as "CONFIDENTIAL HEALTH INFORMATION" may be disclosed by the recipient of such information to anyone other than those persons designated below in Paragraph 9, unless and until the restrictions in this Protective Order are removed either by agreement of the parties or by order of the Court; provided, however, that nothing in this Protective Order prohibits a receiving party from requesting in good faith that

the Producing Party waive the designation so that a filing need not be made under seal, to which

such Producing Party may in its discretion agree.

       9.     Discovery Materials designated "CONFIDENTIAL HEALTH INFORMATION"

may be disclosed, revealed, summarized, described, characterized, or otherwise communicated or

made available, in whole or in part, to only the following persons:

      (a) Counsel who have appeared of record for any party in this case and have signed this Protective Order, and partners, shareholders, associates, paralegal assistants, clerical staff, secretaries, and other employees who are regularly employed by such counsel and who are engaged in assisting such counsel in connection with this Litigation, along with any party's in-house counsel;

      (b) Any certified shorthand or court reporters retained to report a deponent's testimony taken in this Litigation;

      (c) Subject to Paragraph 10 of this Order, any witness or deponent and their counsel, if such witness or deponent authored, modified, sent, received, or is the subject of such Discovery Materials;

      (d) Subject to Paragraph 10 of this Order, any persons indicated on the face of the document to have authored, modified, sent, or received such document, or be the subject of such document;

      (e) Subject to Paragraph 10 of this Order, any other persons upon order of the Court or whom the parties agree, in advance and in writing, may receive such Discovery Materials; and

      (f) The Court, its officers, and its employees or personnel, including, without limitation, court reporters, clerks, stenographic reporters, and videographers.

Discovery Materials designated as "CONFIDENTIAL HEALTH INFORMATION" shall not be

disclosed to any party or its agents, other than persons described in Paragraphs 9(a)-(f).

Notwithstanding any of the foregoing, Discovery Materials designated as "CONFIDENTIAL

HEALTH INFORMATION" or information contained therein may be disclosed to a party or

expert who is a witness or a deponent. All other terms of this Protective Order apply equally to

information designated as "CONFIDENTIAL: Subject to Protective Court Order" and information designated as "CONFIDENTIAL HEALTH INFORMATION."

10.     No person authorized under Paragraphs 4(d), (e), or (f) of this Protective Order to receive access to Discovery Materials designated as "CONFIDENTIAL: Subject to Protective Court Order," or authorized under Paragraphs 7(c), (d), (e), or (f) of this Protective Order to receive access to Discovery Materials designated as "ATTORNEY'S EYES ONLY," or authorized under Paragraphs 9(c), (d), or (e) of this Protective Order to access Discovery Materials designated "CONFIDENTIAL HEALTH INFORMATION," shall be granted such access unless and until such person has received a copy of this Protective Order and agrees in writing to be bound by it by signing a copy of the agreement attached as Exhibit A to this Protective Order; provided, however, if a witness or deponent is to be shown Discovery Materials designated as "CONFIDENTIAL: Subject to Protective Court Order," "ATTORNEY'S EYES ONLY," or "CONFIDENTIAL HEALTH INFORMATION" (collectively, "Restricted Discovery Materials") for the first time at a deposition or hearing, the requirements of this paragraph will be satisfied for purposes of that deposition or hearing if that witness or deponent is informed of this Protective Order and its terms, and agrees on the record to be bound by them. Further, each recipient of Restricted Discovery Materials shall not make any copies of or notes concerning such information for any purpose whatsoever, except in connection with and solely for the purposes of this Litigation.

11.     Counsel for the party disclosing Restricted Discovery Materials to any person required to execute a copy of the agreement attached as Exhibit A pursuant to Paragraph 10 of this Order shall be responsible for obtaining such signed agreement and shall maintain the original

executed copy thereof. Upon reasonable request by the Producing Party, counsel for the receiving party shall provide a copy of that signed agreement.

12.     The designation by any Producing Party of any Discovery Materials as Restricted Discovery Materials shall constitute a representation that such Discovery Materials have been reviewed by or under the direction of an attorney for the Producing Party and that there is a reasonable, good-faith belief that such designation is valid. A party shall not routinely designate Discovery Materials as Restricted Discovery Materials, nor shall a party make any such designation without reasonable and individualized inquiry to determine whether such Discovery Materials qualify for such designation. Except as otherwise provided in this Protective Order, a designation of Discovery Materials as Restricted Discovery Materials by any party shall have no evidentiary value at trial and shall not be admissible at trial by one party against the other for any purpose.

13.     For purposes of this Order, the designation by a Producing Party of documentary Discovery Materials or any parts thereof as "CONFIDENTIAL: Subject to Protective Court Order" shall be effected by affixing the legend "CONFIDENTIAL: Subject to Protective Court Order" or "CONFIDENTIAL" to each page containing any such designated information. Similarly, the designation by a Producing Party of documentary Discovery Materials or any parts thereof as "ATTORNEY'S EYES ONLY" or "CONFIDENTIAL HEALTH INFORMATION" shall be effected by affixing the legend "ATTORNEY'S EYES ONLY" or "CONFIDENTIAL HEALTH INFORMATION," respectively, to each page containing any such designated information. An inadvertent failure to designate a document as Restricted Discovery Material does not constitute a waiver of such claim so long as the Producing Party, by written notice to all parties in this Litigation, designates such a document as Restricted Discovery Material within 14 days after such

document was produced, with the effect that such document is thereafter subject to the protections of this Order.

14.    For purposes of this Order, the designation by any party or Producing Party of deposition or pretrial testimony, or any parts thereof, shall be effected by (i) a statement on the record, by counsel, at the time of such disclosure; or (ii) by written notice, sent to all parties and the reporter, within 21 days after receipt of the transcript of the proceeding at which such disclosure was made, after which time such testimony shall be treated in accordance with its designation, if any. If such testimony is designated as Restricted Discovery Material at the time of disclosure, the reporter shall affix the applicable legend to cover page of the transcript. If such testimony is designated as Restricted Discovery Material by written notice, the report and counsel shall attach a copy of such notice to the cover page of all transcripts. All deposition and pretrial testimony shall be treated as "CONFIDENTIAL: Subject to Protective Court Order" for a period of 21 days after receipt of the transcript, after which time such deposition or pretrial testimony shall be treated in accordance with its designation, if any. Only those portions of the transcript designated as "CONFIDENTIAL: Subject to Protective Court Order" or "ATTORNEY'S EYES ONLY" or "CONFIDENTIAL HEALTH INFORMATION" shall be deemed to be Restricted Discovery Materials, and any confidentiality under the terms of this Protective Order is waived as to any portion thereof which is not timely designated as Restricted Discovery Material unless otherwise agreed by the parties or ordered by the Court. The parties to this Litigation may modify this procedure for any particular deposition, through agreement on the record, without further order of the Court. Counsel may challenge the designation of any information in a transcript in the manner provided by Paragraph 21 of this Order.

15.     If testimony during a deposition is designated on the record as "CONFIDENTIAL: Subject to Protective Court Order" pursuant to this Order, no one shall be present for that portion of the deposition testimony containing such confidential Discovery Material, except the deponent, the parties to this Litigation, counsel representing the parties and the deponent, the court reporter, and/or videographer, and any other person otherwise permitted to access such material pursuant to Paragraph 4.

16.     If testimony during a deposition is designated on the record as "ATTORNEY'S EYES ONLY" or "CONFIDENTIAL HEALTH INFORMATION" pursuant to this Order, no one shall be present for that portion of the deposition testimony containing such confidential Discovery Materials, except the deponent, counsel representing the parties and the deponent, the court reporter, and/or videographer, and any other person otherwise permitted to access such material pursuant to Paragraphs 7 or 9, respectively.

17.     Any person making, or causing to be made, copies of any Restricted Discovery Materials shall ensure that each such copy bears the appropriate marking pursuant to the requirements of this Order. Nothing herein shall preclude any arrangement among the parties by which documents or other materials may be copied by the Producing Party.

18.     Before a party discloses materials designated by another party as Restricted Discovery Materials to mock jurors, focus group members, and the like selected by trial consultants or jury consultants or by counsel in preparation for trial, any such person shall execute a confidentiality agreement in the form attached hereto as "Exhibit A" and such statement shall be kept by counsel for reference should such be necessary. No documents or physical things embodying information designated by another party as Restricted Discovery Materials shall be left in the possession of any such person. Nothing in this paragraph shall be construed to require a

party to disclose the use of mock jurors, focus group members, and the like selected by trial consultants or jury consultants or by counsel in preparation for trial.

19.     Any Discovery Materials designated under this Protective Order as Restricted Discovery Materials which are filed with the Court for any purpose shall be filed with the Court under seal or in redacted form pursuant to the procedures set forth in District of Maryland Local Rule 105.11 or as otherwise directed by the Court. Unredacted Restricted Discovery Materials which are submitted to the Court in physical (i.e., not electronic) form shall be filed in a sealed envelope or container marked on the outside with the title of the action, the identification of each document or other item within, and a statement substantially in the following form:

CONFIDENTIAL

> This envelope is sealed pursuant to Order of the Court and contains information designated as confidential and/or attorney's eyes only in this action and is not to be opened, nor are the contents thereof to be displayed or revealed, except by Order of the Court or pursuant to stipulation of the parties to this action.

The Court, its staff, and counsel for the parties shall have access to any envelope or container submitted under seal in connection with this litigation. The party filing Restricted Discovery Material must simultaneously submit a motion and accompanying order pursuant to Local Rule 105.11. All such Restricted Discovery Materials shall not become part of the public record, but shall be part of the record considered by the Court on the issue or issues to which they may be relevant. To the extent practicable, Restricted Discovery Materials shall be filed separately or in severable portions of filed papers, so that the non-confidential portions may freely be disseminated. No Restricted Discovery Materials shall be included, in whole or in part, in pleadings, motions, briefs, exhibits, memoranda, or other papers filed in court, except as provided in this paragraph. In the event that any Restricted Discovery Materials are used in any proceedings by this Court, they shall nonetheless retain their respective designations.

20.     Any Discovery Materials containing information designated under this Protective Order as "CONFIDENTIAL HEALTH INFORMATION" shall have the information designated "CONFIDENTIAL HEALTH INFORMATION" redacted before such Discovery Materials are used as a trial or arbitration exhibit, an exhibit to a deposition or a motion, or any other submission to the court, and before any such Discovery Materials are furnished to a litigation support vendor, a consultant, or a party or expert who is a witness or a deponent and who is not authorized under any provision of Paragraph 9 of this Protective Order to access such Discovery Materials.

21.     Any party to this Litigation may object to the designation of any Discovery Material or testimony as Restricted Discovery Material and request that such designation be changed by the designating party, and/or to the application of any provision of this Order, in accordance with the following procedures:

(a) The objecting party shall, in writing and within 30 days of the receipt of the disputed Restricted Discovery Materials or application of such provision, notify the designating party of all such Discovery Materials which are believed to be improperly designated as Restricted Discovery Materials and/or all such provisions which are believed to be improperly applied (the "Notice").

(b) Within 10 days of receipt of such Notice, the parties shall in good faith confer and attempt to resolve all disputes as to the designation or application at issue.

(c) If the dispute over the designation or application is not resolved during such good-faith discussions, the designating or applying party shall, within 20 days of receiving timely Notice, file a motion (of not more than 7 pages, including the caption and the signature pages) seeking a ruling from the Court with respect to the confidential treatment of the information or application of such provision at issue, and the receiving party may file an opposition (of not more than 7 pages, including the caption and the signature pages). If no such motion is timely filed, the Discovery Material or testimony at issue shall be treated as if it had never been designated as "CONFIDENTIAL: Subject to Protective Court Order" or "ATTORNEY'S EYES ONLY" and/or the application at issue shall be treated as if it had never been made. All such motions and oppositions shall be filed under seal pursuant to Local Rule 105.11. The designating party shall bear the burden of demonstrating that the

- 13 -

information is entitled to protection under the applicable rules and this Protective Order. While such motion is pending (and during any appeal therefrom), the Discovery Material or testimony shall be deemed to be "CONFIDENTIAL: Subject to Protective Court Order" or "ATTORNEY'S EYES ONLY," whichever it is labeled.

22.    Consistent with the terms of this Order, counsel for each party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure or use of any Restricted Discovery Materials, and shall be responsible for ensuring that each of his or her regularly employed partners, associates, paralegal assistants, clerical staff, and secretaries who are assisting in this litigation and the proposed recipients of Discovery Materials are informed of the terms of this Protective Order and their obligations under it.

23.    This Protective Order shall not be deemed or construed as a waiver of any right to object to the furnishing of information in response to any discovery request. Nor shall this Protective Order be deemed or construed as a waiver of the attorney/client, work product, or any other privilege, or of the rights of any party, person, or entity to oppose the production of any documents or information on any grounds. Further, nothing in this Protective Order shall be construed to limit, restrict, or otherwise affect the ability of any party to seek the production of documents, testimony, or information from any source.

24.    This Protective Order shall not be deemed or construed in any way to affect or to establish the admissibility or to waive any right to object to the admissibility at trial of any Discovery Materials covered by this Protective Order.

25.    If a party inadvertently produces information subject to any privilege or work-product or other similar protection, the recipient, upon notice from the Producing Party of the production and privilege/protection, shall promptly return or destroy all such information, including all copies thereof and all documents incorporating or referring to such information.

Notwithstanding the foregoing, if a party believes in good faith that the production was not inadvertent, that party shall notify the other party of a challenge. Within five (5) days of receipt of such notice, the parties shall in good faith confer and attempt to resolve all disputes as to the production at issue. If the dispute over the production is not resolved in that conference, the party asserting inadvertent production may, by motion or otherwise, apply to the Court to determine whether the document, thing and/or information is properly designated. The Party challenging the assertion shall have an opportunity to submit an opposition. Until such time as the Court rules on the question of whether the production was inadvertent, the document, thing, or information being challenged shall be treated as having been inadvertently produced and the objecting party shall not use, disseminate, copy, review, or discuss the subject document, thing, or information.

26.    Within 75 days after final termination of this Litigation, including all appeals, any recipient of Restricted Discovery Materials shall deliver all such materials, including all copies thereof and all documents incorporating or referring to such information, to counsel for the person which disclosed the materials to the recipient, unless the parties otherwise agree in writing. As an alternative, within the same 75-day period, all documents containing Restricted Discovery Material may be destroyed and such destruction confirmed in correspondence to counsel for the disclosing person. A party and its counsel of record need not destroy or return Restricted Discovery Materials incorporated in materials filed with the court, subject to the terms of this Protective Order. Counsel of record need not destroy or return Restricted Discovery Materials incorporated in work product retained solely by counsel.

27.    This Protective Order shall remain in full force and effect unless modified by an order of this Court or by the written stipulation of all parties hereto filed with the Court. Without limiting the generality of the foregoing, this Protective Order shall survive or remain in full force

and effect after the termination of this Litigation. Nothing in this Protective Order shall limit or preclude any party from applying to the Court for relief from this Protective Order, or for such further or additional protective orders as the Court may deem appropriate.

28.    If any person receiving documents covered by this Order is served with a subpoena, request for production of documents, or other similar legal process in another proceeding seeking Restricted Discovery Materials (the "Person Served"), the Person Served shall give written notice, by overnight mail and e-mail, within two business days of receipt of such subpoena, request for production, or other legal process, to the Producing Party of such Restricted Discovery Materials. To the extent permitted by applicable law, the Person Served shall not produce any of the Producing Party's Restricted Discovery Materials for a period of at least fourteen days after providing the required notice to the Producing Party. Upon receipt of written notice, the Party which produced the information shall advise the Person Served of that Party's position with respect to the protected information. Thereafter, the Party that produced the information shall assume responsibility for prosecuting any objection to the discovery requests, subpoena, or demand, and the Person Served shall cooperate to the extent necessary to preserve the confidentiality of the information. The Person Served shall provide a copy of this Order to the Third-Party requesting production of Restricted Discovery Materials. Nothing herein shall be construed as requiring the Person Served or anyone else covered by this Order to challenge or appeal any such order requiring production of Restricted Discovery Materials covered by this Order, or to subject itself to any penalties for noncompliance with any such order, or to seek any relief from this Court.

29.    This Protective Order is binding on the parties immediately upon execution.

30.    Notwithstanding any of the foregoing, this Protective Order does not limit any party from disclosing or using Restricted Discovery Materials obtained in connection with one of the

above-captioned actions in connection with any of the other above-captioned actions. This paragraph shall apply retroactively to all Restricted Discovery Materials already produced in connection with this Litigation.

31.    This Protective Order may be executed in multiple counterparts, each of which shall be deemed to be an original, but such counterparts together shall constitute one complete agreement.

**SO STIPULATED:**

Dated: May 23, 2022

/s/ Robert G. Ames
Robert G. Ames (Bar No. 03372)
Zachary T. Silver (admitted *pro hac vice*)
Venable LLP
600 Massachusetts Avenue NW
Washington, DC 20001
(202) 344-4000
RGAmes@Venable.com
ZTSilver@Venable.com

Christine C. Carey (Bar No. 29428)
Venable LLP
210 W. Pennsylvania Avenue, Suite 500
Towson, MD 21204
(414) 494-6200
CCCarey@Venable.com

Hayley F. Degnan (admitted *pro hac vice*)
Venable LLP
8010 Towers Crescent Drive
Tysons, VA 22182
(703) 905-1504
HFDegnan@Venable.com

*Attorneys for Plaintiff*

Brian E. Frosh
Attorney General of Maryland

/s/ Ari S. Elbaum
Ari S. Elbaum*
Assistant Attorney General
Federal Bar No. 28454
Maryland Department of Health
300 West Preston Street, Suite 302
Baltimore, MD 21201
(41) 767-1871
ari.elbaum@maryland.gov

*Attorneys for Defendants Maryland Department of Health, Elise Hampt, and Melissa Mitchell*

/s/ Megan T. Mantzavinos
Megan T. Mantzavinos (Bar No. 16416)*
Marks, O'Neill, O'Brien, Doherty & Kelly, P.C.
600 Baltimore Avenue, #305
Towson, MD 21204
(410) 339-6880
mmantzavinos@moodklaw.com

*Attorney for Defendants Corizon Health, Inc., Asresahegn Getachew, and Holly Hoover*

Brian E. Frosh                                    * Signed with permission
Attorney General of Maryland

*/s/ Sandra D. Lee*
Sandra D. Lee*
Assistant Attorney General
Federal Bar No. 27902

David W. Ryden
Assistant Attorney General
Federal Bar No. 21204

Robert D. Goodis
Assistant Attorney General
Federal Bar No. 21774

200 St. Paul Plaza, 19th Floor
Baltimore, MD 21202
(410) 576-6340
slee@oag.state.md.us
dryden@oag.state.md.us
rgoodis@oag.state.md.us

*Attorneys for Defendants Maryland
Department of Public Safety and
Correctional Services, Maryland Division
of Correction, North Branch Correctional
Institution, Robert Green, Annie Harvey,
Jeffrey Nines, Bruce Liller, Michelle
Sawyers, Richard Roderick, Jason
McMahan, M. Susan Johnson, Jordan
Tichnell, J. Gary Sindy, Thomas Sawyers,
William Bohrer, and O. Wayne Hill*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **Tracy L. Skinner,** | |
| *Plaintiff* | **Case No. 8:17-cv-03262-TDC** |
| **v.** | |
| **Bruce Liller , *et al.*,** | |
| *Defendants* | |
| **Tracy L. Skinner,** | |
| *Plaintiff* | **Case No. 8:20-cv-01996-TDC** |
| **v.** | |
| **Lori Mannino, *et al.*,** | |
| *Defendants* | |
| **Tracy L. Skinner,** | |
| *Plaintiff* | **Case No. 1:22-cv-0293-TDC** |
| **v.** | |
| **Maryland Department of Public Safety and Correctional Services, *et al.*,** | |
| *Defendants* | |

**<u>ORDER</u>**

Upon consideration of the Parties' Amended Stipulated Protective Order Regarding

Confidentiality of Discovery Material, it is this _____ day of _____, 2022, hereby

**ORDERED** that the Stipulated Protective Order is hereby **ENTERED.**

_____
**Magistrate Judge Gina L. Simms**
**District of Maryland, Greenbelt**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **Tracy L. Skinner,** <br><br> *Plaintiff* <br> **v.** <br><br> **Bruce Liller , *et al*.,** <br><br> *Defendants* | **Case No. 8:17-cv-03262-TDC** |
| **Tracy L. Skinner,** <br><br> *Plaintiff* <br> **v.** <br><br> **Lori Mannino, *et al*.,** <br><br> *Defendants* | **Case No. 8:20-cv-01996-TDC** |
| **Tracy L. Skinner,** <br><br> *Plaintiff* <br> **v.** <br><br> **Maryland Department of Public Safety and Correctional Services, *et al*.,** <br><br> *Defendants* | **Case No. 1:22-cv-0293-TDC** |

## EXHIBIT A – CONFIDENTIALITY AGREEMENT

I, _____ , hereby acknowledge and state:

1.      I have read and understand the Amended Stipulated Protective Order to which this Exhibit A is annexed, and I attest to my understanding that access to information designated as Restricted Discovery Material, as defined in the Order, may be provided to me, and that such access is pursuant to the terms and conditions and restrictions of the Order. I agree to be bound by the terms of the Order, and I submit to the jurisdiction of this Court for appropriate proceedings, which may include the imposition of sanctions in the event of a knowing and intentional breach of the provisions of this Order.

EXHIBIT A

2.       I will not utilize any information designated as Restricted Discovery Material for any purpose other than this Litigation, and I will not reveal any such information nor discuss it with anyone, except in accordance with the terms of the Order.

3.       At the termination of this Litigation, I will return all documents marked with the legends "CONFIDENTIAL: Subject to Protective Court Order," "CONFIDENTIAL," "ATTORNEY'S EYES ONLY," and "CONFIDENTIAL HEALTH INFORMATION," as well as any copies, summaries, notes, memoranda, or databases of same and documents related thereto, to the attorney providing Restricted Discovery Materials to me, or alternatively I will destroy said Restricted Discovery Materials.

_____
Name

_____                    _____
Signature                                                                                      Date