# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE
MDD_GLSChambers@mdd.uscourts.gov



U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0627

December 8, 2023

Re:   *Skinner v. Liller, et al.*
      Consolidated Civil Action No. TDC-17-3262

### LETTER OPINION AND ORDER RESOLVING DISCOVERY DISPUTE

This Letter Order addresses Plaintiff Tracy L. Skinner's request for issuance of a protective order related to interrogatory requests served upon him in one of his three pending lawsuits ("*Skinner 1*"). (ECF No. 309).[1] Attached to the request are Interrogatories served upon him by ten (10) Individual Defendants in *Skinner 1*. (ECF No. 309-1). Counsel for the Defendants filed an opposition. (ECF No. 314).

On December 1, 2023, the undersigned presided over a telephonic discovery hearing, during which counsel for the parties were given an opportunity to advance additional oral arguments. (ECF No. 328). Accordingly, no further argument is necessary. *See also* Local Rule 105.6 (D. Md. 2023). At the conclusion of the hearing, the Court took the matter under advisement. (ECF Nos. 327, 328).

### I. RELEVANT LAW AND RULES OF CIVIL PROCEDURE

It is well settled that Fed. R. Civ. P. 26(b)(1) defines the scope of permissible discovery:

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

The term "relevance" has been "broadly construed to encompass **any** possibility that the information sought **may be** relevant to the claim or **defense** of any party." *O'Malley v. Trader Joes East, Inc.*, Civ. No. RDB 19-3273, 2020 WL 6118841, at *3 (D. Md. Oct. 15, 2020)(internal citations and quotation marks omitted)(emphasis supplied). This is a pretty low threshold. As

---

[1] Plaintiff has three cases, Case No. 17-3262, Case No. 20-1996, Case No. 22-293, which have been consolidated. (ECF No. 190).

applicable to the instant dispute, the relevant inquiry is whether the information sought **may possibly be** relevant to the defense.

The undersigned recognizes that there are limits to the production of even relevant discovery. Namely, "all permissible discovery must be measured against the yardstick of proportionality." *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 523 (D. Md. 2010). In other words, something may be discoverable under Fed. R. Civ. P. 26(b)(1), but it is always to be measured against the proportionality yardstick, which requires the court to consider several factors. Specifically, Rule 26 requires that "the frequency or extent of discovery" must be limited if:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C)(i)–(iii); *Nicholas v. Wyndham Int'l, Inc.*, 373 F.3d 537, 543 (4th Cir. 2004).

Marrying the aforementioned principles, when analyzing whether to limit discovery, the court is to: (a) consider "the importance of the issues at stake in the action. . . the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Rule 26(b)(1). And, (b) whether the discovery sought runs afoul of Fed. R. Civ. P. 26(b)(2)(C)(i)–(iii).

In addition, pursuant to Fed. R. Civ. P. 26(c), a party may move for issuance of a protective order even to preclude the production of relevant evidence. According to Rule 26(c), a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The protective order may preclude "inquiry into certain matters, or [limit] the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(D). A court may exercise its discretion and restrict the scope of a discovery request, but the court "must be careful not to deprive a party of discovery that is reasonably necessary to afford a fair opportunity to develop and prepare the case." Fed. R. Civ. P. 26 Advisory Committee's Note (1983). The burden rests with the movant to establish good cause. *Baron v. Natanzon*, 240 F.R.D. 200, 202 (D. Md. 2006). In determining whether a movant has met its burden to establish good cause, a court examines "the nature and character of the information sought by. . .interrogatory," which shall be "weighed in the balance of the factual issues involved in [the] action." *Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 124-25 (D. Md. 2009); *see also Baron*, *supra*, 240 F.R.D. at 202 (moving party must demonstrate "that the discovery sought lacks relevance to the extent that the likelihood and severity of the harm or injury caused. . . outweighs any need for the information")(internal quotation marks and citation omitted). Thus, to obtain a protective order, a party must meet a high burden. *Minter*, *supra*, at 125.

Furthermore, Fed. R. Civ. P. 33(a)(1) provides that "unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories." *See also St. Paul Fire and Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch, LLP*, 217 F.R.D. 288, 289 (D. Mass. 2003).

## II. ANALYSIS

In his Amended Complaint, Plaintiff Skinner advances nine claims alleging that different official and individual capacity Defendants violated his federal constitutional and state statutory rights "to humane treatment, adequate mental health care, due process, and freedom from retaliation and disability discrimination." (ECF No. 112). The allegations include that: Plaintiff was improperly put in segregated confinement for extended periods of time; and the Defendants acted indifferently to his serious medical needs. (*Id.*). The sixteen Defendants have answered the Amended Complaint, denying liability and asserting, amongst other things, that they acted with the good faith belief that their actions regarding Plaintiff were proper and consistent with lawful operating procedures. (ECF No. 130). Accordingly, the Court first finds that if there is any possibility that the information sought by the Individual Defendants may be relevant to their defenses asserted, then a party is entitled to discovery, subject to the proportionality restrictions identified above or Plaintiff's establishment of good cause to limit the total number of interrogatories issued.

Plaintiff seeks a protective order reducing the number of interrogatories "that the Defendants may serve on [Plaintiff] to no more than 25." According to the Plaintiff, the service of "more than 200"[2] interrogatories upon him "is an abuse of the discovery process and violates the intent of the 25-interrogatory limit imposed by [Rule 33(a)(1)]." (ECF No. 309). Specifically, Plaintiff avers that because the Official and Individual-Capacity Defendants are "similarly situated" and "collectively alleged to be involved in a common fact pattern regarding [his] unconstitutional confinement in a segregated cell for nearly three years," then the law requires imposition of a protective order requiring answers to only 25 interrogatories in order to prevent the "undue burden and expense" imposed upon Plaintiff and his counsel. (*Id.*). Yet, even after the hearing, it is not entirely clear how these requests impose an "undue expense" on Plaintiff, or an "undue burden and expense" on Plaintiff's counsel. (ECF Nos. 309, 328).

The Individual Defendants counter that they are entitled to uncover all "facts and evidence necessary to allow for the Defendants' respective development of their defenses." (ECF No. 314). In addition, the interrogatories "have been narrowly tailored to their respective discovery needs." (*Id.*). According to the Defendants, then, Plaintiff has failed to meet his high burden of establishing good cause for entry of a protective order. (*Id.*).

As a preliminary matter, **177** interrogatory requests are before the undersigned for consideration, namely requests from the following **10** Defendants in the following total numbers: Bruce Liller (24); Gary Sindy (18); Jason McMahan (14); Jeff Nines (22); Michelle Sawyers (10); Richard Roderick (20); Susan Johnson (14); Thomas Sawyers (14); Wayne Hill (20); William

---

[2] It is not entirely clear to the undersigned the number of interrogatories served by the Individual Defendants upon Plaintiff. Plaintiff contends that the total number is "more than 200," while the Individual Defendants assert that "198" were propounded on him. (ECF No. 309, p. 1; ECF No. 314, p.2 (first full paragraph) and n.1).

3

Bohrer (21). (ECF No. 309-1, pp. 1-86).

Next, upon reviewing the Amended Complaint, I find that Plaintiff alleges that these 10 Defendants acted in individual capacities in an unlawful manner. (*See, e.g.,* ECF No. 112, ¶¶ 12-18, 20-22). I further find that 7 of the 10 Individual Defendants have different job titles/functions, and are largely alleged to have committed different acts, although those acts are often plead as interrelated. (*See, e.g.,* ECF No. 112, ¶¶ 12-15, 20-22). I also find that 3 of the 10 Individual Defendants--Susan Johnson, Jason McMahan, and Gary Sindy--have the same job title (Correctional Case Manager II), however, their roles are not described identically. For instance, Defendant Johnson allegedly acted "in her capacities as a member of the [Special Needs Unit(SNU)] Treatment Team, a member of the Administrative Segregation Review Board(ASRB), and a participant in Plaintiff's Weekly Ad/Seg Reviews." Defendant McMahan allegedly acted "in his capacities as Plaintiff's case manager while on administrative segregation, a member of the ASRB, and a participant in Plaintiff's Weekly Ad/Seg Reviews." Defendant Sindy allegedly acted "in his capacities as Plaintiff's case manager while in the SNU program, a member of the SNU Treatment Team, a member of the ASRB, and a participant in Plaintiff's Weekly Ad/Seg Reviews." (*See, e.g.,* ECF No. 112, ¶¶ 16-18). In sum, I interpret the Amended Complaint to suggest that these 10 Individual Defendants performed different roles and/or exercised different responsibilities, which are interrelated, over the period of time at issue. My review of the 177 interrogatories before me reveals that the majority of the interrogatories differ from each other. (ECF No. 309-1, pp. 1-86). In addition, counsel for the Individual Defendants represented that she crafted the interrogatories based on her review of the Amended Complaint with each Individual Defendant and his/her roles and duties in mind. (ECF No. 328). Furthermore, Plaintiff does not argue that Maryland law does not require the Office of the Attorney General to represent the Individual Defendants. *See* Md. Code Ann., State Gov't § 12-304(a)(1). In light of the foregoing, I do not find that the 10 Individual Defendants are only nominally separate parties, represented by one attorney, who are "gaming the discovery process" by seeking responses to a total of 177 interrogatories. (ECF No. 309). There are 10 Individual Defendants, and Rule 33(a) allows each "party" to serve up to 25 requests on the Plaintiff.

Considering the needs of these Individual Defendants to fully develop relevant facts to mount adequate defenses, and the importance of the issues "at stake in the action," the benefits of requiring answers *now* (rather than later) to *most* of the interrogatory answers outweigh the undefined expense on Plaintiff and his counsel. The Court cannot deprive the Individual Defendants of a fair opportunity to develop and prepare their cases. *See O'Malley*, *supra*; Fed. R. Civ. P. 26(b)(1); and Fed. R. Civ. P. 26 Advisory Committee's Note (1983). Regarding the burden on the Plaintiff, in light of his health issues, responding to the interrogatories will likely be a time-consuming process, which may be of some burden. However, I find that Defendants are entitled to the information sought, and responding to *most* of the interrogatories *now*, with the assistance of highly-experienced counsel at a time of his choosing, would be less burdensome than being required to sit for a deposition to respond orally to the same questions contained in the interrogatories. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). And, the Individual Defendants have also agreed that "Mr. Skinner's answers to interrogatory can refer the requesting party to a specific answer given by the Plaintiff in a different set of interrogatories." (ECF No. 314, p. 2).

I write that the 10 Individual Defendants are entitled to Plaintiff's answers to "most" of the 177 interrogatories "now," because at least sixteen (16) of the interrogatories appear to be "contention interrogatories."[3]  (*See, e.g.,* Bruce Liller (I-20, I-22, I-24); Gary Sindy (I-6, I-13); Jason McMahan (I-12 through I-14); Jeff Nines (I-3, I-22); Michelle Sawyers (I-9); Richard Roderick (I-4, I-14, I-18); Susan Johnson (I-8); and Thomas Sawyers (I-1), ECF No. 309-1).  I find at least  Pursuant to Fed. R. Civ. P. 33(a)(2), these interrogatories are permissible, but the court does retain discretion as to when a party is required to answer them.  *See Lee*, 173 F.R.D. at 652 n.2.

In finding that Plaintiff has not met his burden, I necessarily hold that the cases relied upon by Plaintiff inapposite.  They are factually distinguishable.  The case of *Zito v. Leasecomm Corp.*, 233 F.R.D. 395, 399 (S.D.N.Y. 2006) involved interrogatory requests to require 200 plaintiffs to each respond to more than 150 interrogatories to identify witnesses and documents relevant to their case.  The court held that the interrogatories were tactically spread amongst the different defendants, despite the fact that the plaintiffs had already named their potential witnesses and the production of documents was ongoing.  The court found that practice of "little additional benefit." (*Id.*).  In the instant case, the interrogatories are not duplicative, and I credit counsel's representation that they are tailored to aid in forming the defense of each Individual Defendant.  The case of *Gucci Am., Inc. v. Exclusive Imps. Int'l,* Civ. No. 99-11490, 2002 WL 1870293, *5 (S.D.N.Y. Aug 13, 2002), involved the defendants' attempt to serve a *third* set of 150 interrogatories upon a plaintiff who had already answered 45 interrogatories and who had been deposed, two facts that are not present here.  In the case of *Allen v. School Bd. for Santa Rosa County, Fla.*, Civ. No. 10-142, 2011 WL 1831764, at *3 (N.D. Fla. May 12, 2011) is also factually distinguishable; the court held that three defendant school board members could not propound 25 interrogatories each because they had "consistently litigated [the] case as a 'single unit.'"  The case of *McCarthy v. Paine Webber Group, Inc.*, 168 F.R.D. 448, 450 (D. Conn. 1996) involved defendants who solely sought plaintiffs' answers to contention interrogatories rather than interrogatories designed to identify "witnesses or documents that bear on the allegations."  The court denied as premature the requests, as discovery was ongoing. (*Id.*).  Finally, the defendants in the case of *Fernandez v. North Dakota*, Civ. No. 12-161, 2013 WL 6491387, at *4 (D.N.D. Dec. 9, 2013) agreed that they were one party for purposes of Rule 33(a)(1).

In sum, I do not find that Plaintiff has established good cause for issuance of a protective order, as required by *Minter* and *Barron,* to restrict the 10 Individual Defendants to just 25 interrogatories in total.  However, the Court is aware of the Plaintiff's long history of health challenges, as acknowledged by the parties in pleadings filed in this case.  *See, e.g.,* ECF Nos. 317, 326.  Accordingly, exercising my discretion, and engaging in my obligation to ensure that the process does not become burdensome, I will allow the Plaintiff to provide answers to the interrogatories on a rolling basis, and to provide answers to the contention interrogatories last.  *See* Fed. R. Civ. P. 33(a)(2)("a court may order that [a contention] interrogatory need not be answered until discovery is complete. . .or some other time").  Thus, Plaintiff shall respond to 161 of the interrogatories before responding to the 16 contention interrogatories, and all answers are due on a rolling basis.

---

[3] A "contention interrogatory" is a question designed to "help pin down an opponent's legal theories in a case as well as the primary facts supporting them."  *Lee v. Flagstaff Indus. Corp.*, 173 F.R.D. 651, 652 (D. Md. 1997); *see also BB&T Corp. v. United States of America*, 233 F.R.D. 447 (M.D.N.C. 2006)("contention interrogatories" seek a party's explanation of how the law applies to the facts); *In re Convergent Technology Securities Lit.*, 108 F.R.D. 328, 332-33 (N.D. Cal. 1985)(same).

Finally, my understanding is that Plaintiff's counsel represents that the only responsive documents that his client has have already been produced. (ECF No. 309, p. 1). Thus, after the Defendants receive Plaintiff's interrogatory responses, the Defendants will have a significant amount of discovery from the Plaintiff. At that juncture, the undersigned would certainly be willing to entertain a request from Plaintiff's counsel to limit the length of time that Plaintiff would need to sit for a deposition to answer questions that are arguably similar to those raised in these interrogatories. Indeed, the Court could likely find that the Defendants would have had ample opportunity to obtain relevant discovery from other sources that are less burdensome and could find good cause for entry of a protective order. *See* Fed. R. Civ. P. 26(b)(2)(C)(i)–(iii).

As set forth herein, Plaintiff's request for a protective order, ECF No. 309, is **DENIED**.

Although informal, this is an Order of the Court and shall be docketed as such.

_____/s/_____
The Honorable Gina L. Simms
United States Magistrate Judge
